**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                                                               **CASE NO: 5:15-cr-8-Oc-10PRL**

**Juan Antonio Medina**

### ORDER

Before the Court is Defendant Juan Antonio Medina's notice of appearance (Doc. 127), which the Court construes as a motion requesting that non-resident attorney Jorge Luis Armeteros-Chervoni be allowed to proceed *pro hac vice*. Upon due consideration, the motion is due to be **DENIED WITHOUT PREJUDICE** as it is deficit in several respects. As a threshold matter, the motion lacks the certification required by Local Rule 3.01(g).[1]

Further, under Local Rule 2.02(a), when a non-resident attorney seeks special admission to practice in this district, counsel must (1) be a member in good standing of the bar of any District Court of the United States outside of Florida, and (2) the non-resident attorney must not appear in separate cases in Florida to such a degree as to constitute the maintenance of a regular practice here. Defendant's motion lacks both (1) a representation that attorney Armeteros-Chervoni is a

---

[1] "Before filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion." Local Rule 3.01(g).

member in good standing of the bar of a District Court that is not in Florida, and (2) a representation that attorney Armeteros-Chervoni does not maintain a regular practice in Florida.

Finally, under Local Rule 2.02(a), when a non-resident attorney seeks special admission to practice in this district, "a non-resident attorney shall file within fourteen (14) days a written designation and consent-to-act on the part of some member of the bar of this Court, *resident in Florida*, upon whom all notices and papers may be served and who will be responsible for the progress of the case, including the trial in default of the non-resident attorney."  Here, although the motion lists Julio Gil de la Madrid as the designated local attorney, it appears that he is not a resident of Florida.

Accordingly, Defendant may file a new motion to proceed *pro hac vice* that corrects the deficiencies set forth above.

**DONE** and **ORDERED** in Chambers in Ocala, Florida on March 3, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Court Security Officers